DEARBORN CHEMICAL COMPANY, A CORPORATION, PROSECUTOR, v. DIVISION OF TAX APPEALS IN THE STATE DEPARTMENT OF TAXATION AND FINANCE AND CITY OF JERSEY CITY, DEFENDANTS.

Submitted May 6, 1947—Decided June 20, 1947.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Autenrieth & Wortendyke (Alfred A. Rochester,* of counsel).

For the defendant City of Jersey City, *Charles A. Rooney (John J. Meehan,* of counsel).

The opinion of the court was delivered by

EASTWOOD, J.   This is a tax case.  *Certiorari* has been allowed to review the action of the Division of Tax Appeals which reversed the action of the Hudson County Board of Taxation cancelling a tax assessment against the prosecutor for the year 1944, upon certain personal property owned by prosecutor and situate in the warehouse of Lackawanna Warehouse Company, Inc., in Jersey City.  The corporate prosecutor is a foreign corporation of the State of Illinois, maintaining offices in the City of New York with its principal

place of business in Chicago. It maintains no office in the State of New Jersey. Commencing in the year 1941, prosecutor leased space in the warehouse of the Lackawanna Warehouse Company, Inc., and had located therein, during the ensuing years, certain personal property consisting of chemical products in drums, barrels and carboys. Prosecutor maintained two to four employees of its own at its space in the warehouse. The testimony discloses that the duties of these employees were to make shipments, on orders received from the prosecutor's New York office, of the stocks in the warehouse. The goods consigned to the prosecutor were received at the incoming freight platforms of the Lackawanna Warehouse and were handled at that point by the warehouse employees. The goods were then put in the space allotted to prosecutor by the warehouse employees, and when orders were sent from prosecutor's New York office to the warehouse, the actual shipments were also handled by the warehouse employees. From what we are able to glean from the proofs, the sole duties of prosecutor's employees with relation to the goods in question, had to do with receiving the orders from prosecutor's New York office and loading the goods upon skids, from which point on, the warehouse employees removed the goods from prosecutor's space and distributed the goods for shipment over the various railroads and motor truck companies. Prosecutor's employees were on duty from 8:30 in the morning until 4:30 in the afternoon. After closing hours during the day and on holidays and Sundays, prosecutor's employees had no access to or control over the property. It is also urged by prosecutor that it had no possession of the goods from the time they entered the warehouse until they came to prosecutor's space or from the time they left the space.

For the year 1944, the City of Jersey City assessed the property at the sum of $50.000. This assessment was revised by the Hudson County Board of Taxation to the sum of $18,300. Upon appeal by the prosecutor to the Hudson County Board of Taxation, the assessment was canceled. Upon appeal by the City of Jersey City to the Division of Tax Appeals, the action of the Hudson County Board of

Taxation was reversed and the assessment reinstated in the amount of $18,300. *Certiorari* was allowed to review the latter determination.

Prosecutor contends that the property in question was exempt from taxes under the provisions of *R. S.* 54:4–3.20, respecting exemption of personal property in storage in a public warehouse for hire. The cited statute provides:

"All personal property stored in a warehouse of any person, co-partnership or corporation engaged in the business of storing goods for hire shall be exempt from taxation under this chapter."

This court is required by statute, *R. S.* 2:81–8, to determine disputed questions of fact as well as of law in proceedings such as are before us. The facts, as we find them from the evidence presented to the Division of Tax Appeals, clearly establishes that the prosecutor, Dearborn Chemical Company, occupied space for the storage of its chemical products in the Lackawanna Warehouse Company, Inc., a public warehouse company, and that deliveries thereof were made to customers of the prosecutor through the facilities of Lackawanna Warehouse Company, Inc., an independent corporation of this state, having no connection by way of ownership or management with Dearborn Chemical Company. It is clear that the deliveries to prosecutor's customers were made pursuant to instructions from that company, and that pending such deliveries, the goods were held in storage by Lackawanna Warehouse Company, Inc. The fact that prosecutor had certain of its own employees on duty at its space in the warehouse, did not operate, as we view the testimony, so as to destroy the relationship of bailor and bailee, existing between prosecutor and the warehouse company.

We held in *Halligan & McLellan, Inc.,* v. *State Board of Tax Appeals,* 122 *N. J. L.* 551; 6 *Atl. Rep.* (*2d*) 668, that if the warehouse in all other respects answers the description of a warehouseman as defined in section 58, of the Uniform Warehouse Receipts Act, *R. S.* 57:1–1, to the effect that a "warehouseman" means "a person lawfully engaged in the business of storing goods for profit," the fact that supervision is exercised by the owner, through its servant, of the

receipt, delivery and storage and the release of the stored goods when sales are made, does not create a different relationship. If the goods are stored in "a warehouse" of one "engaged in the business of storing goods for hire," they are within the statutory class. The testimony also establishes that prosecutor, in due time, made application by way of a sworn claim for exemption, under date of December 11th, 1943.

The case of *Crown Can Co.* v. *The Division of Tax Appeals of the Department of Taxation and Finance et al.*, recently decided by this court, 135 *N. J. L.* 517, opinion by Mr. Justice Donges, is practically on all fours with the case at bar. In that case, in a similar situation, the assessment upon the personal property of the prosecutor therein, was held to be exempt from taxation under the provisions of *R. S.* 54:4–3.20, and the assessment canceled. The rule in *Crown Can Co.* v. *The Division of Tax Appeals of the Department of Taxation and Finance et al.*, is dispositive of the matter before us. In the Crown Can Co. case, Mr. Justice Donges said:

"In this situation we think the provisions of the above quoted statute are applicable. This statute has been held to be constitutional, *Schwartz* v. *Essex County Board of Taxation*, 129 *N. J. L.* 129, and has been applied in other cases, *Halligan & McLellan, Inc.*, v. *State Board*, 122 *Id.* 551; *Pattison & Bowne, Inc.*, v. *Saddle River Township*, 129 *Id.* 135."

We think the foregoing language is particularly apt in the case at bar.

The determination of the Division of Tax Appeals will be reversed, and the assessment set aside.